UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CAROL BUSSEY, ANDREANA COBBINS,

                                                Plaintiff,

                                   -against-

CITY OF NEW YORK; P.O. GUSTAVO ROSADO Shield No. 29004, Det. DEON AYALA Shield No. 6180, Det. IVAN RODRIGUEZ Shield No. 887, Det. EDWIN BRUNO Shield No. 1386, Det. PEDRO MARCANO Shield No. 569, JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                             Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-3790 (ARR)(JO)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiffs Carol Bussey and Andreana Cobbins are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants P.O. Gustavo Rosado "Rosado", Det. Deon Ayala "Ayala", Det. Ivan Rodriguez "Rodriguez", Det. Edwin Bruno "Bruno", Det. Pedro Marcano "Marcano", and John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants Rosado, Ayala Rodriguez, Bruno, Marcano, John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacity.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. On December 3, 2014 at 6:00 a.m. plaintiffs were sleeping in their home at 211H West 151st Street, Apt. 1C in New York, N.Y. when defendants, members of the New York City Police Department dressed in riot-gear, forcibly entered their home under the guise of an alleged search warrant.

12. Despite the fact that plaintiffs requested to see a search warrant on several occasions, defendants refused.

13. Defendants, including Rosado, Ayala Rodriguez, Bruno, and Marcano charged into plaintiffs' bedrooms and started screaming with their guns drawn.

14. Defendants then handcuffed plaintiffs and placed in the living room while police ransacked their home.

15. The Plaintiffs, in handcuffs, were forcibly removed them from their residence and taken to a police van; in full view of their long-time neighbors.

16. Defendants were told that a gun was found. Upon information and belief this was not true.

17. The officers transported plaintiffs to the precinct where they were placed in police cells.

18. Subsequent to arresting plaintiffs, defendants continued to search

plaintiffs' residence.

19. No contraband was found. The officers alleged that small bags that sixty year-old Carol Bussey used to store buttons, were actually "drug paraphernalia."

20. Plaintiffs were held at the precinct until shortly after 1:00 a.m.

21. Each plaintiff received a Desk Appearance Ticket.

22. When plaintiffs went to Court on January 7, 2015 all charges against plaintiffs were dismissed when the District Attorney declined to prosecute them.

23. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

24. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

25. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Entry and Search**

27. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

29. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
**False Arrest**

30. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Malicious Prosecution**

40. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## **FIFTH CLAIM**

### **Failure To Intervene**

45. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: March 31, 2016
New York, New York


/s/
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*